UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS, et al.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CURRY, et al.,<br><br>　　　　　Defendants. | **1:21-cv-01452-GSA-PC**<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF MARVIN HARRIS'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED UNDER 28 U.S.C. § 1915(g) AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE WITHIN THIRTY DAYS**<br><br>**(ECF No. 2.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.　BACKGROUND**

　　Marvin Harris ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 29, 2021, Plaintiff and two Co-Plaintiffs filed the Complaint commencing this action. (ECF No. 1.) On September 29, 2021, Plaintiff Harris filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C § 1915(g). (ECF No. 2.) Plaintiff names as defendants Correctional Officer Curry, Correctional Officer Sanchize, and Theresa Cisneros (Warden).

**II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA,[1] "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

///

---

[1] Prisoner Litigation Reform Act, 42 U.S.C. § 1997e.

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

### III.    ANALYSIS

The Court finds that prior to this date Plaintiff Harris had at least five cases dismissed that count as "strikes." The Court takes judicial notice of: 1) Harris v. Pliler, Case No. 2:01-cv-01125-WBS-DAD (E.D. Cal.), ECF Nos. 20 & 22 (dismissed for failure to state a claim on Mar. 15, 2002); 2) Harris v. Edmonds, Case No. 1:00-cv-05857-OWW-LJO (E.D. Cal.), ECF Nos. 18 & 21 (dismissed as frivolous and for failure to state a claim on Nov. 27, 2000); 3) Harris v. Edmonds, Case No. 1:00-cv-07160 REC-SMS (E.D. Cal.), ECF Nos. 17 & 19 (dismissed for failure to state a claim on May 24, 2002); 4) Harris v. Glass, Case No. 2:00-cv-00937-DFL-DAD (E.D. Cal.), ECF Nos. 15 & 16 (dismissed for failure to state a claim on Aug. 17, 2000); and 5) Harris v. Harris, Case No. 2:14-cv-00977-KLM-KJN (E.D. Cal.), ECF Nos. 6 & 10 (dismissed as frivolous and for failure to state a claim on July 31, 2014).

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.

The court has examined the orders dismissing the five cases cited above and finds that each of the cases was dismissed for failure to state a claim and/ or as frivolous, and none of the district court's decisions were reversed on appeal at the Ninth Circuit Court of Appeals.

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as

overly speculative or fanciful." Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court finds that Plaintiff Harris has not satisfied the imminent danger exception to § 1915 by showing that he was under a real, present threat at the time he filed this case.  Plaintiff's allegations do not suggest he "faced 'imminent danger of serious physical injury' at the time of filing." Cervantes, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Plaintiff Harris alleges in the Complaint that on August 23, 2021, at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California, two officers hit him for no reason and placed him in administrative segregation pursuant to a false Rules Violation Report. (Comp., ECF No. 1 at 4 ¶ 3.)  Plaintiff also alleges he was denied a stimulus payment through intimidation, coercion, and threat of violence. (Id. at 10:28-29.)  Plaintiff seeks to be released from administrative segregation. (Id. at 11:16-17.)  In addition, Plaintiff alleges that defendant Curry refused to let inmate Adam provide Plaintiff with ADA assistance. (Id. at 13:13-16.)

These allegations fail to meet § 1915(g)'s exception for imminent danger. See Cervantes, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); Prophet v. Clark, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception for cases of "imminent danger of serious physical injury").  Plaintiff has not alleged facts showing that he faced a real, present threat of serious physical injury at the time he filed his Complaint on September 29, 2021.

Accordingly, Plaintiff's allegations are insufficient to survive the dismissal of this action against him.

Therefore, the court finds that Plaintiff Harris may not proceed *in forma pauperis* with this action and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff's motion to proceed *in forma pauperis* should be denied, and he should be precluded from proceeding with this case until after he pays the $402.00 filing fee in full.

**IV.     CONCLUSION, ORDER, AND RECOMMENDATIONS**

Accordingly, the Clerk is **HEREBY ORDERED** to randomly assign a United States District Judge to this case; and

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. Plaintiff's motion to proceed *in forma pauperis*, filed on September 29, 2021, be denied under 28 U.S.C. § 1915(g);
2. Plaintiff be required to submit the $402.00 filing fee for this case in full within thirty days; and
3. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 4, 2022**                              **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE