UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CURRY, et al.,<br><br>　　　　　Defendants. | 1:21-cv-01452-ADA-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER**<br>**(ECF No. 13.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.　BACKGROUND**

　　Kennedy Robinson ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 29, 2021, Plaintiff and two Co-plaintiffs, Marvin Harris and Adam E., filed the Complaint commencing this action. (ECF No. 1.) On July 26, 2022, the Court dismissed plaintiff Marvin Harris from this case for failure to comply with a Court order. (ECF No. 12.) On July 28, 2022, the Court issued an order severing the remaining plaintiffs' claims and opening a new case for plaintiff Adam E. (ECF No. 13.) Now Plaintiff Kennedy Robinson is the only plaintiff in this case. The plaintiffs were each required to file a

separate amended complaint, and either pay the $402.00 filing fee or submit an application to proceed *in forma pauperis*, within 30 days.  (ECF No. 13 at 5 ¶ 6.)  The 30-day deadline has expired and Plaintiff Kennedy Robinson has not filed an amended complaint, paid the filing fee, submitted an application to proceed *in forma pauperis*, or otherwise responded to the Court's order.

## II.   DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its orders, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since September 29, 2021.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not comply with the Court's order to resolve payment of the filing fee for this action and file an amended complaint.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to resolve the payment of the filing fee for this case and file an amended complaint that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of

evidence or witnesses is not available.   However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Based on this analysis, the Court shall recommend that this case be dismissed for Plaintiff's failure to comply with the Court's order.

### III.     CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court **HEREBY RECOMMENDS** that:

1. This case be dismissed, without prejudice, based on Plaintiff's failure to obey the court's order issued on July 28, 2022; and
2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 10, 2022**                          **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE